## Rickard et al. v. Feinstone et al.

*Stradley, Ronon, Stevens & Denby,* for plaintiffs.
*H. A. Barton,* for defendants.

STERN, P. J., Sept. 10, 1930.—This is an application for a preliminary injunction to restrain the erection and operation of a miniature golf course on premises adjacent to or in the neighborhood of the complainants.

In the opinion of the court, the complainants have not made out a case for relief by injunction at this time. There was evidence presented to the effect that the operation of such a golf course might and probably would be attended by noise, the congregation of idlers, the glare of lights, and a congestion of automobile traffic, all of which would be annoying and disconcerting to the neighbors. These miniature golf courses are a recent innovation in communal life, but from the extent to which they have been subject to observation they would not appear to be productive of the evils anticipated by the complainants, at least to such a degree as to justify the interference of equity. Of course, it is true that a property owner, especially in a fine suburban district, probably would not welcome a neighbor of this sort, but, in the absence of zoning regulations, and having in mind that such a golf course is in itself a legitimate venture, it would seem that any resulting undesirable features are of a nature that must be borne by a property owner in the absence of any restrictions or easements on his neighbor's property.

A public garage in a residential neighborhood is a nuisance *per se,* but it can scarcely be held that such a golf course would necessarily be a nuisance irrespective of the manner in which it may be regulated and operated. If in

fact it is conducted in such a manner as to bring about noise and dangerous traffic conditions, an injunction may properly issue to restrain such excesses. In other words, it is a case where the golf course if properly managed may and probably will turn out to be entirely unobjectionable, but if in fact it be not so managed, the complainants can get relief if and when the necessity for it may arise.

There was some evidence as to sickness existing in some of the neighboring homes, but there is not likely to be any noise in the laying out of the course, and if, as already stated, the operation of it should produce noises unduly disturbing those particularly entitled to quiet, a court of equity can grant relief accordingly.

The same observations apply to the complaint of the adjoining church that there may be interference with its religious services. If in fact the operation of the golf course does cause such an interference and disturbs the worshippers in their devotions, a situation will arise which will commend itself to equitable relief.

For these reasons the prayer for a preliminary injunction is refused, with the right, however, on the part of the complainants, or any of them, to renew their application if in fact evils result from the actual operation of the golf course to such a degree as to justify the interference of equity.